# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 10-39V

* * * * * * * * * * * * * * * * * * * * * * * *
\*
JONATHAN ELLIS and YAEL ELLIS, as         \*
parents natural guardians of D.E., a minor,   \*
\*          Filed: July 25, 2014
Petitioners,              \*
\*
v.                        \*
\*          Decision by Stipulation; Damages
SECRETARY OF HEALTH                  \*          Meningococcal Vaccine; Hepatitis A;
AND HUMAN SERVICES,                  \*          Vaccine; Chronic Inflammatory
\*          Demyelinating Polyneuropathy (CIDP)
Respondent.               \*
\*
* * * * * * * * * * * * * * * * * * * * * * * *

*Diana S. Sedar*, Maglio, Christopher & Toale, Sarasota, FL, for Petitioners.

*Lisa A. Watts*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 20, 2010, Jonathan and Yael Ellis filed a petition on behalf of their minor child, D.E., seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Petitioners allege that D.E. suffered chronic inflammatory demyelinating polyneuropathy ("CIDP") as a result of receiving the meningococcal and hepatitis A vaccines.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id.*)

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Respondent denies that D.E.'s CIDP or any other injury was caused by the receipt of the meningococcal and/or hepatitis A vaccines. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation filed July 25, 2014, that the issues before them can be settled, and that a decision should be entered awarding Petitioners compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

a) A lump sum of $299,957.13, in the form of a check payable to petitioners as guardians/conservators of D.E.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioners. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly (or separately) filing notice(s) renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JONATHAN ELLIS and YAEL ELLIS, as parents and natural guardians of D.E., a minor,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | **ECF**<br><br>No. 10-39V<br>Special Master<br>Brian H. Corcoran |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Jonathan and Yael Ellis ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34, as amended (the "Vaccine Program"), on behalf of their minor son, D.E. Petitioners seek compensation for neurologic injuries allegedly related to D.E.'s receipt of Menactra (meningococcal) vaccine and hepatitis A ("Hep A") vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. D.E. received the Menactra vaccine on March 19, 2009, and the Hep A vaccine on April 2, 2009.

3. The vaccines were administered within the United States.

4. Petitioners allege that D.E. suffered neurologic injuries, to include chronic inflammatory demyelinating polyneuropathy ("CIDP"), which were caused-in-fact by the Menactra and/or Hep A vaccines he received. Petitioners further allege that D.E. suffered the residual effects of these injuries for more than six months.

1

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on D.E.'s behalf as a result of his condition.

6. Respondent denies that the Menactra and/or Hep A vaccines caused D.E.'s CIDP, or any other injury, and further denies that D.E.'s current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $299,957.13 in the form of a check payable to petitioners as guardians/conservators of D.E.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C.§ 300aa-15(g), including State compensation programs, insurance policies,

2

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.§ 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of D.E.'s estate under the laws of the State of Florida. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of D.E.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of D.E.'s estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of D.E. upon submission of written documentation of such appointment to the Secretary.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of D.E. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities, and as guardians/conservators of D.E.'s estate, on behalf of D.E. and his heirs, executors, administrators, successors, and assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and

Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of D.E. resulting from, or alleged to have resulted from, the Menactra vaccine administered to D.E. on March 19, 2009, or the Hep A vaccine administered to D.E. on April 2, 2009, as alleged by petitioners in a petition for vaccine compensation filed on January 20, 2010, in the United States Court of Federal Claims as petition No. 10-39V.

15. If D.E. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

4

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Menactra vaccine and/or the Hep A vaccine caused D.E.'s CIDP, or any other injury, or that D.E.'s current disabilities are sequelae of any vaccine-related injury.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of the estate of D.E.

## END OF STIPULATION

/
/
/
/
/
/
/

5

Respectfully submitted,

**PETITIONERS:**

*[signature]*
JONATHAN ELLIS

*[signature]*
YAEL ELLIS

**ATTORNEY OF RECORD FOR PETITIONERS:**

*[signature]*
DIANA STADELNIKAS SEDAR, ESQ.
Maglio Christopher & Toale, PA
1605 Main Street, Ste. 710
Sarasota, FL 34236
Tel: (941) 952-5242

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature] Vincent J. Matanoski by Catharine E.*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*[signature]*
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857
DATE: 7-25-2014

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*
LISA A. WATTS
Senior Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4099

6